UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY J. WHITTLE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 07-821 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

    Johnny J. Whittle filed this action on July 12, 2007.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on July 31 and August 6, 2007.  On April 4, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the Commissioner's decision is affirmed.

///

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

On November 3, 2004, Whittle filed applications for disability insurance and supplemental security income benefits, which the Commissioner denied. A.R. 15. The Administrative Law Judge ("ALJ") conducted a hearing on February 22, 2006, at which Whittle and a medical expert testified. *Id.* The ALJ conducted a supplemental hearing on September 19, 2006, at which the claimant and a vocational expert testified. *Id.* On December 4, 2006, the ALJ issued a decision denying benefits. A.R. 15-25. On May 16, 2007, the Appeals Council denied Whittle's request for review. A.R. 5-8.

This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///

///

# III.

# DISCUSSION

## A. Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Whittle had the following severe impairments: Hepatitis C and a back injury. A.R. 24. Whittle had the residual functional capacity to "lift and/or carry 10 pounds frequently and 20 pounds occasionally; sit for 6 hours total in an 8-hour workday; stand and/or walk for 6 hours total in an 8-hour workday; occasionally climb, balance, knee (sic), crouch, crawl and stoop; frequently perform fine manipulative movements with the upper extremities; and, should avoid using vibrating tools." A.R. 24. Based on his residual functional capacity, the ALJ found that Whittle could not perform his past relevant work, but could perform "a significant range of light work." *Id.* There are "a significant number of jobs in the national economy that he could perform," including delivery driver, production assistant, and assembler of small products. *Id.*

## C. Appeals Council Decision

On September 19, 2006, at the second hearing, the ALJ left "the record open for two weeks to get the recent medical records." A.R. 391. The ALJ issued his decision on December 4, 2006. A.R. 15-25.

On January 16, 2007, Whittle requested review by the Appeals Council without attaching any new evidence. A.R. 335. On March 20, 2007, Dr. Ming

Chen completed a Multiple Impairment Questionnaire. A.R. 340-347. On March 27, 2007, the questionnaire was submitted to the Appeals Council in a letter from Whittle's counsel. A.R. 339. On April 12, 2007, the Appeals Council denied Whittle's request for review without reference to the new evidence. A.R. 9-11. On May 16, 2007, the Appeals Council set aside its earlier action "to consider additional information." A.R. 5. The Appeals Council considered Dr. Chen's questionnaire. A.R. 8. The Appeals Council denied review, stating that "[a]fter considering the additional information, we found no reason under our rules to review the Administrative Law Judge's decision." A.R. 5. The Appeals designated the ALJ's decision as the final decision of the Commissioner. *Id.*

"[I]f new and material evidence is submitted, . . . the Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 416.1470(b), 404.970(b). The Appeals Council will then "make a decision or remand the case to an administrative law judge." 20 C.F.R. § 404.979. The Appeals Council "may affirm, modify or reverse the administrative law judge hearing decision." *Id.* Here, the Appeals Council "[a]fter considering the additional information, . . . found no reason . . . to review the Administrative Law Judge's decision." A.R. 5.

Whittle argues that the Appeals Council "failed to provide specific and legitimate reasons for disregarding Dr. Chen's opinion." J.S. 4. However, Whittle has not cited any authority[1] establishing this Court's jurisdiction to review a denial of review by the Appeals Council. A district court may review a "final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). "No statutory

---

[1] The cases cited by Whittle are in the context of a final decision by an ALJ. J.S. 4.

4

authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." *Matthews v. Apfel*, 239 F.3d 589, 594 (9th Cir. 2001). Here, the Appeals Council designated "the Administrative Law Judge's decision [as] the final decision of the Commissioner." A.R. 5.

However, given that the Appeals Council considered Dr. Chen's opinion in the context of denying review, this Court also considers the reports. *See* Section III. D below; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000).

### D. Opinion of Treating Physician Dr. Ter-Poghosyan

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and internal quotation marks omitted).

Plaintiff argues that the ALJ failed to comply with the legal standard in rejecting Dr. Ter-Poghosyan's opinion. The ALJ noted that in December 2004 Ter-Poghosyan found that Plaintiff's functional capacities were limited to "lifting and/or carrying less than 10 pounds frequently and 20 pounds occasionally; sitting for 2 hours total in an 8-hour workday; standing and/or walking less than 2 hours total in an 8-hour workday; and total restriction from balancing, stooping, climbing, kneeling, crouching, crawling, working around unprotected heights, and exposure to temperature extremes." A.R. 17-18 (citing to A.R. 185-188). Dr. Ter-Poghosyan's opinion that Whittle is limited to lifting 20 pounds occasionally is consistent with the ALJ's RFC. A.R. 24, 185.

The ALJ rejected other limitations for specific and legitimate reasons supported by substantial evidence in the record. First, the ALJ stated that other limitations were apparently based on Whittle's own report of limitations, and noted several areas where Dr. Ter-Poghosyan wrote "according to the patient."[2] A.R. 18; see *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ properly rejected doctor's opinion that relied on claimant's subjective complaints). On the question of how long Whittle can sit, the doctor checked less than 6 hours in a day and wrote "2 hours according to the patient." A.R. 185. On the question whether Whittle needs a cane for short or long distances, the doctor wrote that "uses walking cane according to the patient."[3] A.R. 187. Where the doctor indicated that Whittle could lift less than 10 pounds frequently, needed to alternate standing and sitting every 15 minutes, and was precluded from climbing, balancing, stooping, kneeling, crouching and crawling, the doctor did not list any medical findings or other supportive evidence. A.R. 185-186.

Dr. Ter-Poghosyan referred to physical examination, x-ray results, and a "pending" MRI only with respect to a limitation that Whittle could stand and/or walk less than 2 hours in an 8 hour workday. A.R. 185, 187.

The ALJ stated that "the record contains insufficient evidence to support Dr. Ter-Poghosyan's restrictions on the claimant's physical capacities." A.R. 18. The ALJ noted that physical examinations repeatedly documented that Whittle "had normal muscle strength and range of motion, and the only notable finding was decreased sensation in the hand." A.R. 18. A review of Dr. Ter-Poghosyan's records in 2004 reveal that the ALJ's findings are supported by substantial evidence. A.R. 137, 140-141. After the MRI results, as the ALJ noted

---

[2] Whittle's back pain apparently started when a doctor "bumped into" his back in April or May 2004. A.R. 130-131, 141, 267. Whittle had "no previous back pain." A.R. 141.

[3] Dr. Ter-Poghosyan did not indicate that the cane was prescribed or medically necessary. A.R. 185.

(A.R. 19), a treating physician at the same facility wrote that "pt's description of pain and PE findings are NOT consistent w/MRI result." A.R. 268 (emphasis in original, dated 2/18/05). The notes state "instruct pt to go to vocational rehab program to modified work." *Id.* Three months later, a treating physician noted full range of motion, negative straight leg raising bilaterally, normal motor strength and no focal deficits. A.R. 19; A.R. 265.

The ALJ gave greater weight to a consultative orthopedic examination in April 2006 by Dr. Sabourin, which the ALJ found to be "based on a thorough examination and review of all the medical records." A.R. 18, 20; A.R. 308-313. Dr. Sabourin reviewed Whittle's medical records, including an MRI performed on January 27, 2005. A.R. 312. Dr. Sabourin conducted an extensive examination. A.R. 309-312.

Dr. Sabourin diagnosed degenerative disc disease at L4-5 and L5-S1, left olecranon bursitis, and chronic cervical strain and sprain. A.R. 20; A.R. 312. Dr. Sabourin noted that "the severity and duration of [Whittle's] complaints" are "in disproportion to the determinable condition." A.R. 312. Sabourin found that Whittle's gait was normal. A.R. 310. As the ALJ noted (A.R. 20), Dr. Sabourin stated that, before coming into the examination room, Whittle had a strange gait. However, once in the examination room and moving about, Whittle did not exhibit the same behavior. A.R. 310. Moreover, although Whittle came in with a cane and said that he could not do toe and heel walking, he was actually able to perform those activities.[4] A.R. 20; A.R. 310. On the other hand, given the MRI and the physical examination, Whittle does have limitations. A.R. 312-313. Dr. Sabourin opined that Whittle could lift or carry only 20 pounds occasionally and 10 pounds frequently; standing and walking could be performed for six hours of an eight-hour work day; occasionally, climb, balance, kneel, crouch, crawl, or

---

[4] Dr. Sabourin felt that Whittle does not need a cane to walk. A.R. 313.

7

stoop only occasionally; sitting is not affected; no manipulative limitations. A.R. 312. The opinion of an examining physician based on independent clinical findings may be substantial evidence supporting the ALJ's decision. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

The Court has also considered Dr. Chen's report dated after the ALJ's decision, March 20, 2007, submitted to the Appeals Council. Whittle has not shown that "there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing."[5] *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citation omitted). Dr. Chen relied on the same MRI that was before the ALJ, Dr. Sabourin, and the treating physician in 2005. A.R. 341. Moreover, Dr. Chen identifies himself as a family practitioner, whereas Dr. Sabourin is a board certified orthopedic surgeon.[6] *Compare* A.R. 313 *with* A.R. 347.

### E.  Opinion of Psychiatrist Dr. Rodriguez

At Step Two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by

---

[5] Because the new evidence is not material, the Court does not reach the issue of whether Whittle must show good cause for submitting new evidence to the Appeals Council. *Mayes*, 276 F.3d at 461 n.3. Whittle does not explain why Dr. Chen did not prepare a report for submission to the ALJ.

[6] The date of Dr. Chen's last examination was March 16, 2007. A.R. 340. To the extent that Whittle relies on findings after the date of the ALJ's decision, Whittle would have to file a new application. 42 U.S.C. § 416(i)(2)(G); 20 C.F.R. § 416.330; *Sanchez v. Secretary of Health & Human Services*, 812 F.2d 509, 512 (9th Cir. 1987).

8

>medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[7] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and internal quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step Two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations and internal quotation marks omitted, emphasis added).

At Step Two, the ALJ found that Whittle did not have a severe mental impairment based on Dr. Rodriguez's April 2005 exam. A.R. 18. The ALJ found that Whittle's "mental impairment has caused no more than slight mental limitations." *Id.* The ALJ's finding is supported by Dr. Rodriguez's findings of only slight limitations after conducting an examination of Whittle. A.R. 197. Whittle

---

[7] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 168 n.6 (internal quotations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

9

points to no contradictory opinions or evidence in the record. Whittle argues only that "a combination of so many slight limitations can indeed be vocationally relevant." J.S. 12. Whittle provides no authority for this proposition. Whittle has not met his burden to establish a severe mental impairment. *See Raboubi v. Barnhart*, 2003 WL 22458903, *6 (N.D. Cal. 2003) (finding no error at Step Two when treating psychiatrist found only slight limitations); *see also* Social Security Ruling 96-3p,[8] available at 1996 WL 374181, *1 ("an impairment(s) that is 'not severe' must be a slight abnormality (*or a combination of slight abnormalities*) that has no more than a minimal effect on the ability to do basic work activities") (emphasis added).

### F. The ALJ's Hypothetical

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

Whittle argues that the ALJ did not pose a complete hypothetical to the vocational expert. J.S. 15. However, Whittle acknowledges that the only restrictions the ALJ did not include were those that were not in his findings. J.S. at 14 (the limitations described by Dr. Chen, the limitations described by Ter-Poghosyan, and the slight limitations described by Rodriguez). Accordingly, the ALJ's hypothetical was not in error. *See Magallanes v. Bowen*, 881 F.2d 747,

---

[8] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

10

756-57 (9th Cir. 1989) (ALJ need not accept as true restrictions proposed by claimant's counsel).

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the Commissioner's decision is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: August 11, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge